UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                              Case No. 15-20351

Shahid Tahir, *et al*.,           Sean F. Cox
                                United States District Court Judge

      Defendants.
_____/

## OPINION & ORDER

In this action, five different defendants are charged with crimes relating to health care fraud. Four of the five Defendants have filed discovery motions, which were all fully briefed by the parties and heard by the Court on January 29, 2016. This Opinion and Order addresses those motions.

## BACKGROUND

The business entities described in the Indictment consist of the following, which were all Medicare providers: 1) A.N.N., Inc., d/ba/ At Home Network ("At Home Network"), a home health agency that purportedly provided in-home physical therapy, occupational therapy, speech pathology, and skilled nursing services; 2) A.N.N., Inc. d/b/a At Home Hospice ("At Home Hospice"); 3) A Plus Hospice & Palliative Care Inc. ("A Plus Hospice"); 4) Waseem Alam M.D., P.C., a medical practice; 5) Woodward Urgent Care PLLC ("Woodward Urgent Care"); and 6) Hatem M. Ataya, M.D., P.C., a medical practice.

The five Defendants in this case are identified in the Indictment as follows: 1) Shahid

2:15-cr-20351-SFC-MKM   Doc # 130   Filed 02/02/16   Pg 2 of 10   Pg ID 835

Tahir, a licensed physical therapist in Michigan, who owned or was associated with At Home Network, At Home Hospice, and A Plus Hospice ("the Tahir Companies") 2) Waseem Alam, a licensed physician in Michigan who owns Waseem Alam, M.D. P.C. and Woodward Urgent Care, and is alleged to have provided care there and also referred patients to the Tahir Companies; 3) Hatem Ataya, a licensed physician in Michigan, who owns Hatem Ataya, M.D. P.C. and allegedly referred patients to the Tahir Companies; 4) Manawar Javed, an individual who co-owned A.N.N., Inc.; and 5) Muhammad Tariq, an individual who co-owned A.N.N., Inc.

The Indictment includes the following charges: 1) Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 1), which is asserted against all five Defendants; 2) Conspiracy to Pay and Receive Kickbacks, in violation of 18 U.S.C. §371 - Conspiracy (Count 2), which is asserted against all five Defendants; and 3) Structuring to Avoid Reporting Requirements, in violation of 31 U.S.C. §§ 5324(a)(3) & (d)(2) and 18 U.S.C. § 2 (Counts 3-5), asserted against Defendant Alam alone.  The Indictment also contains forfeiture allegations.

This Court's December 10, 2015 Order (D.E. No. 89) ordered that all motions were to be filed by December 24, 2015.  All Defendants except Defendant Alam filed discovery motions. Many of those motions are similar in nature and they were all heard by the Court on January 29, 2016.

## ANALYSIS

**A.     Motions For Notice Of 404(b) Evidence**

Defendants Tahir, Ataya, Javeed, and Tariq each filed a motion or request seeking notice

of Fed. R. Civ. P. 404(b) evidence that the Government may seek to present at trial.

In response to Defendant Ataya's motion, the Government states that "at this time, the

United States does not intend to present other acts evidence with regard to Defendant.  Should

evidence be obtained indicating his involvement in other acts similar to the conduct alleged in

the schemes with which Defendant is currently charged and should the United States intend to

seek to introduce such evidence under Federal Rule of Evidence 404(b), it will provide

Defendant notice of such."  (Govt's Resp. at Pg Id 524-25).

In response to the motions/notices filed by Tahir, Javed, and Tariq, the Government again

states that "[a]t this time, the United States does not intend to present other acts evidence with

regard to Defendants" and should it obtain such evidence, it will provide notice.  (D.E. No. 115).

As such, there is no issue as to these motions and they will be denied as moot.

**B.     Motions For Disclosure Of Witness Lists**

With the exception of Defendant Alam, each of the Defendants filed a motion asking the

Court to order the Government to disclose its witnesses in advance of Trial.  (*See* D.E. Nos. 97,

102, 104 & 108).

Defendants Tahir, Javed, and Tariq's Motions asks the Court to provide all of the

following at least 45 days in advance of trial: 1) "All recorded witness statements for all

individuals, including agents, if may call as witnesses at trial, including FBI 302's, any other

form of recorded summary of interview notes with such witnesses, and al grand jury testimony

3

for those individuals" 2) a tentative witness list; and 3) a tentative exhibit list.

Defendant Ataya's motion asks the Court to order the Government to provide the following at least 45 days in advance of trial: 1) "All recorded witness statements for all individuals, including agents, the government may call as witnesses at trial, including FBI 302s"; 2) "All other forms of recorded summary of interview notes with such witnesses"; 3) "All grand jury testimony for those individuals"' and 4) tentative exhibit and witness lists.

The Government filed a combined response that addresses all four of the above motions. (D.E. No. 117).

## 1.     Witness and Exhibit Lists

In their motion, Defendants ask the Court to order the Government to provide both a witness list and exhibit list to Defendants 45 days prior to trial.

In response to these motions, the Government notes that in a non-capital case such as this, the Government has no duty to disclose its witnesses prior to trial. It also asserts that it has no duty to provide an exhibit list. Nevertheless, the Government indicates it is willing to provide both a witness and exhibit list in advance of trial and submits that doing so two weeks in advance of trial is appropriate.

Trial is scheduled for April 5, 2016, and the Final Pretrial Conference in this case is scheduled to take place on March 4, 2016. Having considered this issue, and given the nature of this case, the Court concludes that the best approach is for the Court to order the parties to exchange tentative witness lists and tentative exhibits lists on February 22, 2016.

## 2.     Witness Statements

All of these motions filed by Defendants ask the Court to order the Government to

provide witness statements.  The motions do not contain the authority under which they seek this discovery.

In response to all of these motions, the Government's combined response brief states as follows:

> Defendants fail to cite any authority for which they are entitled to their first request. The Jencks Act mandates production of, "[A]ny statement in the possession of the United States which relates to the subject matter as to which the witness has testified," 18 U.S.C. § 3500(b). The statute proceeds to define the term "statement," to include, "a written statement made by said witness and signed or otherwise adopted or approved by him;" a recording or transcription of a recording that "is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." *See id*. § 3500(e). No where in the Jencks Act, pursuant to which Defendants' requests presumably stem, does it state that the United States must produced all recorded statements by an anticipated witness, regardless of subject matter, and no where does it state a defendant is entitled to "any other form of recorded summary of interview notes," unless such a recording would be properly considered a "statement" as defined by the statute.

> Defendants also state, "It is expected that if left to its own devices, Government counsel will provide witness statements and grand jury testimony on the eve of trial, or at about that time." [Def.'s Motion, p.2]. To the contrary, the United States has produced, and continues to produce on a rolling basis, interview reports written during the course of the investigation. To the extent that the reports do not fall within its *Brady* or *Giglio* discovery obligations, the production of these interview reports by the United States constitutes an early and inclusive (perhaps overly so) production of Jencks material, which it is under no obligation to do. There is no basis for Defendants' conjecture.

> To the extent Defendants' request for "recorded summary of interview notes" encompasses agent rough notes, as stated in its previous response to Defendants' Motion for Additional Discovery, excepting if such notes constitute *Brady* or the agent testifies at trial and such notes would be considered *Giglio*, it is the United States' position that it is not obligated to produce agent rough notes of witness interviews. Rough notes of agent interviews are not Jencks material and Defendants have no discovery right to such documents, before, during or after trial. *United States v. Hinton*, 719 F.2d 711, 719-22 (4th Cir. 1983), cert. denied, 104 S. Ct. 1300 (1981); *United States v. Hurst*, 510 F.2d 1035, 1036 (6th Cir. 1975).

(Govt's Br., D.E. No. 117 at Pg ID 694).

The Court shall deny these motions as moot because the Government has been complying with its obligations and has represented that it will continue to do so.

**C.     Motions for Additional Discovery**

Defendants Tahir, Javed, and Tariq each filed a motion titled "Motion for Additional Discovery."  (D.E. Nos. 96, 101 & 106).

In addition, although his motion is titled "Request for Disclosure of 404B Evidence and/or Information" (D.E. No. 90), in the body of that motion Defendant Ataya makes requests for additional discovery beyond Rule 404(b) evidence.  Defendant Ataya also filed a "Motion to Compel Discovery and for the Production of Brady Material."  (D.E. No. 86).

In these motions, the Defendants address the following discovery issues.

**1.     Rough Notes**

In their motions, Defendants ask the Court to order the Government to disclose all rough notes of agent interviews.  Alternatively, they ask the Court to order the Government to instruct investigative agents to maintain such notes.

In response to Defendants' requests for the rough notes of agents, the Government's combined response brief asserts that unless "such notes constitute *Brady* or the agent testifies at trial and such notes would be considered *Giglio*," it is the Government's position that "it is not obligated to produce agent rough notes of witness interviews.  Rough notes of interviews are not Jencks material and Defendants have no discovery right to such documents, before, during or after trial."  (Govt.'s Br. at 3-4).  The Government further asserts that even assuming such notes could constitute Jencks Act material for the agent(s) that conducted the interview, the notes are

6

not discoverable until after the agent/witness testifies at trial. (*Id*. at 4). The Government

therefore argues that the request for agent rough notes should be denied. That said, the

Government states that the "agents who have interviewed witnesses in this matter are preserving

their rough notes," and therefore Defendants' alternative request has been satisfied. (*Id*.).

As this Court has previously explained (*see e.g., United States v. Hassan*, 2014 WL

3526672 (E.D. Mich. 2014):

> [T]he Jencks Act generally provides that a defendant "has no right to discover
> statements of witnesses until after the witness testifies at trial. The Court cannot
> order an earlier disclosure of statements by such witnesses, since it would in effect
> be an amendment to the Jencks Act." *United States v. Austin*, 99 F.R.D. 292, 301
> (W.D. Mich.1983).
>
>     Moreover, rough notes made by a government agent during an interview of
> a government witness are generally not discoverable. *See U.S. v. Stephens*, 492
> F.2d 1367, 1377 (6th Cir. 1974) ("The Jencks Act applies to a 'substantially
> verbatim recitation' of an oral statement by a witness and does not apply to an
> officer's rough notes."). However, a government agent's rough notes taken during
> witness interviews may be discoverable per the Jencks Act if "(1) the notes were
> read back to and verified by the witnesses and (2) the reports summarized the
> notes without material variation." *U.S. v. Chitwood*, 457 F.2d 676, 677 (6th Cir.
> 1972), citing *Campbell v. U.S.*, 373 U.S. 487, 492, 83 S.Ct. 1356, 10 L.Ed.2d 501
> (1963).
>
>     "An agent's rough interview notes may also be discoverable under *Brady*
> if the defendant shows that the notes are exculpatory and material." *U.S. v. Lujan*,
> 530 F.Supp.2d 1224, 1265 (D.N.M.2008).

*Id*. at * 2.

The Court shall deny these motions as moot because the Government has been complying

with its obligations and has represented that it will continue to do so.

## 2.   *Brady* Material

Defendants' various motions ask the Court to order the Government to disclose all

information helpful to the Defense on the issues of guilt. They asserts that any exculpatory

material should be turned over immediately.

In response, the Government asserts that it is aware of its "ongoing duty to disclose evidence favorable to the defense" under *Brady, Giglio*, and their progeny. (Govt's Br. at 2). It states that, to date, it has provided such discovery and will continue to do so. The Government further states that it "has produced, and continues to produce on a rolling basis, interview reports during the course of the investigation. To the extent that the reports do not fall within its *Brady* or *Giglio* obligations, the production of these interview reports by the United States constitutes an early production of Jencks material." (Govt.'s Br. at 4-5).

As such, this portion of the motions will be denied as moot.

**3.      Grand Jury Transcripts**

The Defendants' various motions ask the Court to order the Government to provide grand jury transcripts.

The Government responds that there "were no fact witnesses presented to the grand jury whom the United States currently plans to call as witnesses at trial. Therefore, the United States will not be producing any grand jury transcripts related to this case." (D.E. No. 116 at Pg ID 690). The Court will, therefore, deny this portion of the motions.

**4.      Defendant Ataya's Additional Requests In His Motion to Compel**

In his Motion to Compel (D.E. No. 86) Defendant Ataya makes an argument not made by the other Defendants. Ataya asserts that it is his understanding that the Government alleges that he: 1) filled Medicare for providing more than 24 hours of service in a single day; and 2) billed for services to patients who were deceased. (*Id*. at 2). Ataya's motion asserts that he "has specifically requested the government to direct him to where in the sea of discovery he should

8

look to find support" for those allegations.  (*Id.*).  His motion states that Defense Counsel has requested that the Government provide a list of the names of the patients associated with the above allegations and that it provide such information "in a useable form for his investigation and preparation."  (*Id.* at 5).

Ataya's motion also asserts that a confidential informant was used in connection with the investigation relating to him.  Ataya states that he "has specifically requested FBI file of the confidential source as he believes such information to be covered by prosecutor's disclosure obligation."  (*Id.* at 5).

In its response to Ataya's Motion (D.E. No. 94), the Government notes that Ataya's motion identifies no specific rule or principle that requires the Government to turn over the CHS's FBI file.  The Government states that "[t]o the extent the contents of the CHS's FBI file constitute Brady or impeachment material," the Government "will produce that material in a timely manner to Defendant."  (*Id.* at 4).

As to Defendant's request that the Government provide the names discussed above, the Government notes that the Indictment does not specifically discuss those examples. Nevertheless, the Government states that "at the request of counsel, the United States has offered, and will attempt to, ascertain the identities of the patients and dates of service referenced in the search warrant affidavit."  (*Id.* at 5).

Accordingly, the Court concludes that an order by the Court is not warranted.

### CONCLUSION & ORDER

For the reasons set forth above, the Court hereby **ORDERS** that, no later than **February 22, 2016**, the parties shall exchange **tentative witness lists** and **tentative exhibit lists**.

9

**IT IS FURTHER ORDERED** that the discovery motions are **DENIED** in all other respects.

   **IT IS SO ORDERED**.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  February 2, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
February 2, 2016, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager