UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                      Criminal Case No. 15-20351

Shahid Tahir,                       Sean F. Cox
                                                   United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Shahid Tahir ("Defendant") pleaded guilty to the charge of healthcare fraud conspiracy and was sentenced to a term of 126 months' imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court heard oral argument on September 18, 2020. As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to Count I of the Indictment, which charged Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. §

1349, and for which the penalty is a statutory maximum of 20 years' imprisonment. Under his Rule 11 Agreement, Defendant's sentence guideline range was 135 to 158 months' imprisonment. This Court ultimately sentenced Defendant to a term of 126 months imprisonment.

Defendant began serving his sentence on March 28, 2017. Thus, Defendant has served less than half of his sentence. Defendant is currently housed at the Federal Correctional Institution in Loretto, Pennsylvania.

Defendant is 51 years old. It is undisputed that Defendant has Type II Diabetes and hypertension.

Defendant filed his Motion for Compassionate Release on August 6, 2020. The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

**ANALYSIS**

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the

"applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted); *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant's medical records establish that he has diabetes and hypertension. The Government acknowledges that given the heightened risk that COVID poses to someone with that/those conditions, Defendant has satisfied the first eligibility threshold for compassionate release during this pandemic.

But the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant played a key role in a large-scale health care fraud conspiracy. Defendant asserts that, because he has lost his physical therapy license and is no longer able to bill Medicare, he cannot repeat his

criminal conduct upon release. But, as the Government notes, Defendant's inability to provide physical therapy services or directly bill Medicare does not prevent him from engaging in healthcare fraud with others.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious, as he played an integral role in a large-scale health care fraud scheme that lasted nearly a decade and resulted in a loss of approximately $17 million to the Medicare program. Allowing Defendant to be released after serving less than half of his already-reduced sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.[1]

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: September 22, 2020

---

[1]The Court notes that it granted a Motion for Compassionate Release filed by Waseem Alam, a Co-Defendant in this case. Alam, however, did not play as large of a role in the health care fraud conspiracy, is 13 years older than Defendant, has numerous and severe medical conditions, and had served a greater proportion of his sentence.